**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| KATIE SCHEKHTAYAN, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:18-cv-02582 |
| | ) |
| v. | ) Judge: Honorable Andrea Wood |
| | ) Magistrate: Honorable Jeffrey T. Gilbert |
| ADTALEM GLOBAL EDUCATION, INC. | ) |
| d/b/a DEVRY EDUCATION GROUP, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT, ADTALEM GLOBAL EDUCATION INC.'S,
ANSWERS AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Adtalem Global Education Inc. f/k/a DeVry Educational Group ("Adtalem"), by and through its attorneys, Akerman LLP, for its answer to the Amended Complaint ("Complaint") filed by Plaintiff, Katie Schekhtayan ("Plaintiff"), states as follows:

**JURISDICTION AND VENUE**

1.  Plaintiff brings this action for [sic] under the Americans with Disabilities Act, 42 U.S.C. [§] 12101 et seq. ("ADA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) [sic] *et seq.* ("Title VII"), and the Family [and] Medical Leave Act, 29 U.S.C. [§] 2601 et seq. ("FMLA") for Defendant['s] failing to provide Plaintiff with reasonable disability accommodations, interfering with her FMLA rights, discriminating against her on the basis of her gender/gender stereotypes/sexual orientation and retaliating against her for complaints about same.

**ANSWER:**

In response to the allegations set forth in Paragraph 1 of the Complaint, Adtalem admits that Plaintiff purports to bring this action under the ADA, Title VII, and the FMLA to seek relief for alleged discrimination, retaliation, and interference, but denies that Plaintiff has any right to maintain this action or that Plaintiff is entitled to any relief whatsoever in this action. Adtalem denies the remaining allegations set forth in Paragraph 1 of the Complaint.

2.     Jurisdiction of this action is conferred upon the Court by 42 U.S.C. [§] 12117(a), 42 U.S.C. §§ 2000e(4)-(9), 29 U.S.C. § 2617(a), and 28 U.S.C. §§ 1331, 1343.

**ANSWER:**

In response to the allegations set forth in Paragraph 2 of the Complaint, Adtalem admits that this Court has subject matter jurisdiction over the claims asserted in the Complaint. However, Adtalem denies that Plaintiff has stated a claim upon which relief may be granted.

3.     Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

**ANSWER:**

In response to the allegations set forth in Paragraph 3 of the Complaint, Adtalem admits for venue purposes only that venue lies in this judicial district and that this Court has personal jurisdiction, but denies that it has committed any act or omission giving rise to any liability whatsoever.

4.     Plaintiff filed a charge of discrimination on July 27, 2017, and amended that charge on November 22, 2017[,] with the Equal Employment Opportunity Commission ("EEOC") (Charge No. 440-2017-05186, "Exhibit A") and was thereafter was [sic] sent a notice of her right to sue ("Exhibit B") in relation to that charge. This complaint has been timely filed with the United States District Court for the Northern District of Illinois.

**ANSWER:**

In response to the allegations set forth in Paragraph 4 of the Complaint, Adtalem admits that Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and thereafter received a right to sue letter, but denies any allegations made in Exhibits A and B.

45999458;4

## PARTIES

5.  Plaintiff is a gay female individual having a diagnosis of severe depression/anxiety and [is] a resident of Aurora, [s]tate of Illinois.

**ANSWER:**

Adtalem states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint, and therefore, denies same.

6.  At all times relevant, Defendant has been a foreign corporation organized under the laws of Delaware doing business in Illinois, and other surrounding states, and has continuously had and now has more than five hundred (500) employees.

**ANSWER:**

Adtalem admits the allegations set forth in Paragraph 6 of the Complaint.

7.  At all times relevant to the allegations herein, Defendant was an "employer" as that term is defined under the ADA, 42 U.S.C. § 12111(5), Title VII, 42 U.S.C. § 2000e(b), and the FMLA, 29 U.S.C. § 2611(4).

**ANSWER:**

Adtalem admits the allegations set forth in Paragraph 7 of the Complaint.

8.  At all times relevant to the allegations herein, Plaintiff was an "employee" as that term is defined under the ADA, 42 U.S.C. § 12111(4), Title VII, 42 U.S.C. § 2000e(f), and the FMLA, 29 U.S.C. § 2611(3).

**ANSWER:**

Adtalem admits the allegations set forth in Paragraph 8 of the Complaint.

## FACTUAL ALLEGATIONS

9.  Plaintiff first became employed by Defendant in or around March of 2012 with her last position held being Admissions Advisor.

**ANSWER:**

Adtalem admits the allegations set forth in Paragraph 9 of the Complaint.

10. Plaintiff is a disabled individual in that she has been diagnosed with severe depression/anxiety and ADHD that, when such condition is exacerbated, substantially

limits her in daily life activities[,] including[,] but not limited to[,] thinking and socializing.

**ANSWER:**

In response to the allegations set forth in Paragraph 10 of the Complaint, Adtalem states that it lacks knowledge and information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's alleged diagnosis and, therefore, must deny same. The remaining allegations in Paragraph 10 of the Complaint set forth legal conclusions to which no response is required. To the extent that a response is required, Adtalem denies such allegations.

11. Plaintiff is a qualified individual with a disability in that she could perform the essential functions of her job with Defendant with an accommodation, and even if she could not, was qualified for other positions with Defendant.

**ANSWER:**

In response to the allegations set forth in Paragraph 11 of the Complaint, Adtalem states that Paragraph 11 of the Complaint sets forth a legal conclusion, and thus a response is not required. To the extent that a response is required, Adtalem denies the allegations set forth in Paragraph 11 of the Complaint.

12. At all times relevant to the allegations herein, all individuals relevant to the allegations herein were aware that Plaintiff is a lesbian.

**ANSWER**:

In response to the allegations set forth in Paragraph 12 of the Complaint, Adtalem admits that Plaintiff's colleagues at Adtalem were aware that she is a lesbian, but denies that Adtalem or any of its employees committed any act or omission giving rise to liability.

13. Beginning in July of 2012 and continuing through her separation of employment with Defendant, Plaintiff was subjected to unwanted harassing comments relating to her sexual orientation and failure to conform to gender stereotypes.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 13 of the Complaint.

14. For instance, at various times after Plaintiff cut her hair short, her supervisor, Richard Korcyzk, told Plaintiff that she is a girl and she should not wear a tie, that she should change the way she dresses, would stare Plaintiff up and down causing Plaintiff to ask him to stop, was told that she is a girl and needed to obey him, was told that she was "disobedient[,]" and screamed at Plaintiff in his office with the door closed.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 14 of the Complaint.

15. Also Lisa (last name unknown), who was a supervisor, but technically not Plaintiff's supervisor, came on to Plaintiff numerous times, told her that she was the hottest person she ever laid eyes on, was leaving her husband, and asked what would it take to be with her, and frequently contacted her outside of work, despite Plaintiff['s] telling her that she was not interested. On one occasion, she cornered Plaintiff, shut the door, turned he [sic] lights off, and said, "Look it's perfect for us."

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 15 of the Complaint.

16. Director of Admissions Dimitra Ritter, who was in the chain of command over Plaintiff, told her that she almost cried after seeing Plaintiff in a photo with longer hair because she looked so good, told Plaintiff that she should grow her hair out because she looks so good with long hair, and that she should wear a dress to work, despite wearing dresses not being part of the dress code, and told Plaintiff that she heeded to smile more, which she did not smile any less than anyone else.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 16 of the Complaint.

17. Plaintiff won an award for "advisor of the session[,]" which was essentially "employee of the month[,]" but for an 8 week period, and had to submit a picture of her to be posted. After Plaintiff submitted a picture of her and her wife, Ms. Ritter made a disapproving/belittling comment about Plaintiff['s] being with a woman instead of a man.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 17 of the Complaint.

18. Ms. Ritter also told Plaintiff that she should not be going to lunch with anyone a [sic] one on one, because for her, going to lunch with either gender is "suspicious[.]"

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 18 of the Complaint.

19. Assistant Director of Admissions Scott Moran, who was above Plaintiff in her chain of command, made continuous comments about Plaintiff's shoes, which were flats, on one occasion asked Plaintiff to go back home to get different shoes, and told her not to wear ties while also telling her that she did not dress professional enough.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 19 of the Complaint.

20. Plaintiff asked Mr. Moran if she could put her hair in a short Mohawk, which men wore to work, and he responded that she could not because it's too extreme of a hairstyle for a woman.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 20 of the Complaint.

21. Mr. Moran would call, text, email, and instant message Plaintiff excessively in effort [sic] to unnecessarily micromanage her when he was not doing the same to her colleagues.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 21 of the Complaint.

22. Plaintiff complained to Ms. Ritter about the treatment and comments [that] she was experiencing from Mr. Moran, including the gender stereotyping related comments. At that time, Plaintiff requested to move to another team, but her request was denied. Plaintiff was told that leaders can be with anyone[,] and she needed to grow up and figure it out.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 22 of the Complaint.

23. Plaintiff contacted HR regarding her mental health conditions and the challenges that she was having performing under Mr. Moran and Ms. Ritter. Plaintiff asked to move to a different team, and they said that transfer was not HR's responsibility and that she should make the request to them. Plaintiff mentioned that she had already asked them

6

and afterwards things became worse. HR told Plaintiff that if it got involved, things would probably get even worse.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 23 of the Complaint.

24. People in Plaintiff's position and similar positions are given annual performance reviews and, after those annual performance reviews, it is typical that employees are promoted over time as a matter of course, for instance, from Admissions Advisor to Senior Admissions Advisor.

**ANSWER**:

In response to the allegations set forth in Paragraph 24 of the Complaint, Adtalem admits that it does conduct annual performance reviews of its employees, but denies the remaining allegations set forth in Paragraph 24 of the Complaint.

25. Plaintiff consistently asked to be promoted[,] but she never was, despite her straight gender stereotype conforming coworkers being promoted regularly. Plaintiff was told that to be a "leader" she needed to smile more and wear appropriate shoes.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 25 of the Complaint.

26. Plaintiff's last performance review was in 2017. Plaintiff was explicitly told in 2017 that she would be promoted upon her completion of certain assignments. Plaintiff was not promoted, even after her assignments were completed.

**ANSWER**:

In response to the allegations set forth in Paragraph 26 of the Complaint, Adtalem admits that Plaintiff had a semi-annual performance review in 2017, but denies the remaining allegations set forth in Paragraph 26 of the Complaint.

27. In 2016, Plaintiff spoke with Mr. Moran about an assessment from her psychiatrist and her mental health conditions. Mr. Moran responded that he hates when people "cry" about how hard their life is and that she needed to suck it up and do her job.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 27 of the Complaint.

28. In 2017, Plaintiff spoke with Ms. Ritter regarding difficulty getting to work some days because of her mental health conditions and explained that she was having panic attacks in the parking lot and she needed to get help or move off her off [sic] of Mr. Moran's team.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 28 of the Complaint.

29. Ms. Ritter's response was to bring both Plaintiff and Mr. Moran into her office and yell at both of them and then ordered them out of the office.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 29 of the Complaint.

30. Plaintiff then spoke with HR regarding her stress level and mental health conditions and that she thought she needed to get help due to the emotionally abusive environment caused by Mr. Moran and Ms. Ritter. HR recommended that Plaintiff take a leave of absence.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 30 of the Complaint.

31. Plaintiff took the leave of absence and checked into a metal health facility on May 9, 2017.

**ANSWER**:

Adtalem is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint and therefore denies same.

32. Plaintiff was terminated without cause and justification on May 11, 2017.

**ANSWER**:

In response to the allegations set forth in Paragraph 32 of the Complaint, Adtalem admits that it terminated Plaintiff's employment on May 11, 2017. The remaining allegations set forth

in Paragraph 32 of the Complaint are denied.

## COUNT I
### (TITLE VII GENDER/SEXUAL ORIENTATION AND STEREOTYPE DISCRIMINATION)

33. Plaintiff re-alleges paragraphs 1 through 31 and incorporates them as if fully set forth herein.

**ANSWER**:

In response to the allegations set forth in Paragraph 33 of the Complaint, Adtalem re-alleges and incorporates by reference each of its answers to Paragraphs 1 through 31 of the Complaint set forth above as if fully restated herein.

34. Title VII, 42 U.S.C. § 2000e-2(a)(1), makes it unlawful for an employer to discriminate against any employee based upon his or her sex, which the United States Supreme Court has interpreted to include gender stereotyping and sexual orientation.

**ANSWER**:

In response to the allegations set forth in Paragraph 34 of the Complaint, Adtalem states that Title VII speaks for itself, and thus a response is not required. To the extent that a response is required, Adtalem admits that Title VII prohibits discrimination based on sex, which can include sex stereotyping, but denies the allegations in Paragraph 34 of the Complaint to the extent that the United States Supreme Court has not yet interpreted "sex" to include sexual orientation for purposes of claims under Title VII. Adtalem further denies that it has committed any act or omission giving rise to any liability under Title VII.

35. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her gender, sexual orientation, and sexual stereotyping when it subjected her to a hostile work environment, failed to promote her, and terminated her.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 35 of the Complaint.

36. As a result of Defendant's conduct, Plaintiff as [sic] suffered a loss of earnings and benefit, in addition to suffering great pain, humiliation[,] and mental anguish, all to her damage.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from discrimination based on sex.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 37 of the Complaint.

38. Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER:**

In response to the allegations set forth in Paragraph 38 of the Complaint, Adtalem admits that Plaintiff seeks a jury trial of this matter, but denies that there are any issues so triable.

## RELIEF REQUESTED AS TO COUNT I

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

a)  Award Plaintiff the value of all actual damages to be proved at trial;
b)  Order Defendant to reinstate Plaintiff, or in the alternative, award front pay;
c)  Award Plaintiff compensatory damages for emotional distress;
d)  Award Plaintiff punitive damages;
e)  Award Plaintiff reasonable attorneys' fees, costs[,] and disbursements;
f)  Award Plaintiff any and all other relief as the Court deems just in the premises.

**ANSWER:**

Adtalem denies that Plaintiff is entitled to any of the relief sought in the "Wherefore" paragraph following Paragraph 38 of the Complaint, including each of the subparts (a) through (f) thereto.

10

45999458;4

## COUNT II
## (ADA – DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE)

39. Plaintiff realleges allegations 1-31 above with the same force and effect as if more fully set forth herein.

**ANSWER**:

In response to the allegations set forth in Paragraph 39 of the Complaint, Adtalem re-alleges and incorporates by reference each of its answers to Paragraphs 1 through 31 of the Complaint set forth above as if fully restated herein.

40. The ADA requires employers to provide reasonable disability accommodations to qualified individuals with a disability that do not create an undue hardship for the employer and prohibits discrimination based upon disability.

**ANSWER**:

In response to the allegations set forth in Paragraph 40 of the Complaint, Adtalem states that the ADA speaks for itself, and thus a response is not required. To the extent that a response is required, Adtalem admits that the ADA requires employers to make reasonable accommodations for qualified individuals with disabilities that do not create an undue hardship for the employer and otherwise prohibits discrimination because of a disability, but denies that it has committed any act or omission giving rise to any liability under the ADA.

41. Plaintiff requested the accommodations of transfer and medical leave.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 41 of the Complaint.

42. Defendant denied Plaintiff's requests for accommodations without cause or justification and failed to engage her in an interactive process to determine what, if any, alternative accommodation could be provided to her.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 42 of the Complaint.

45999458;4

43. Further, Defendant terminated her because of her disability.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 43 of the Complaint.

44. As a result of Defendant's conduct, Plaintiff as [sic] suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation[,] and mental anguish, all to her damage.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 45 of the Complaint.

46. Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER:**

In response to the allegations set forth in Paragraph 46 of the Complaint, Adtalem admits

that Plaintiff seeks a jury trial of this matter, but denies that there are any issues so triable.

## PRAYER FOR RELIEF AS TO COUNT II

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the [P]laintiff whole, including:

a.  Injunctive relief;
b.  Lost wages and/or other economic damages;
c.  Compensatory damages for pain and suffering (if available);
d.  Punitive damages and/or liquidated damages (if available)
e.  Attorneys' fees and costs incurred in this action;
f.  Such relief as is just and equitable;
g.  The plaintiff requests a jury trial of this action.

**ANSWER:**

Adtalem denies that Plaintiff is entitled to any of the relief sought in the "Wherefore"

45999458;4

paragraph following Paragraph 46 of the Complaint, including each of the subparts (a) through (f) thereto. Adtalem admits that Plaintiff requests a jury trial of this action in subpart (g), but denies that there are any issues so triable.

**COUNT III**
**(ADA AND TITLE VII RETALIATION)**

47. Plaintiff realleges allegations 1-31 above with the same force and effect as if more fully set forth herein.

**ANSWER**:

In response to the allegations set forth in Paragraph 47 of the Complaint, Adtalem re-alleges and incorporates by reference each of its answers to Paragraphs 1 through 31 of the Complaint set forth above as if fully restated herein.

48. The ADA and Title VII protect individuals from retaliation for asserting their rights under those statutes or complaining of discrimination in the workplace.

**ANSWER**:

In response to the allegations set forth in Paragraph 48 of the Complaint, Adtalem states that the ADA and Title VII each speak for themselves, and thus a response is not required. To the extent that a response is required, Adtalem admits that the ADA and Title VII each prohibit retaliation for asserting one's rights under each statute, but denies that it has committed any act or omission giving rise to any liability under either the ADA or Title VII.

49. By its conduct as alleged herein, Defendant retaliated against Plaintiff for requesting accommodations and complaining of gender, gender stereotype, and sexual orientation discrimination when it failed to promote her and terminated her without cause or justification.

**ANSWER**:

Adtalem denies the allegations set forth in Paragraph 49 of the Complaint.

50. As a result of Defendant's conduct, Plaintiff as [sic] suffered a loss of earning and benefits, in addition to suffering great pain, humiliation[,] and mental anguish, all to her damage.

13

**ANSWER:**

    Adtalem denies the allegations set forth in Paragraph 50 of the Complaint.

    51. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

    Adtalem denies the allegations set forth in Paragraph 51 of the Complaint.

    52. Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER:**

    In response to the allegations set forth in Paragraph 52 of the Complaint, Adtalem admits that Plaintiff seeks a jury trial of this matter, but denies that there are any issues so triable.

**PRAYER FOR RELIEF AS TO COUNT III**

    WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the [P]laintiff whole, including:

    a.    Injunctive relief;
    b.    Lost wages and/or other economic damages;
    c.    Compensatory damages for pain and suffering (if available);
    d.    Punitive damages and/or liquidated damages (if available)
    e.    Attorneys' fees and costs incurred in this action;
    f.    Such relief as is just and equitable;
    g.    The plaintiff requests a jury trial of this action.

**ANSWER:**

    Adtalem denies that Plaintiff is entitled to any of the relief sought in the "Wherefore" paragraph following Paragraph 52 of the Complaint, including each of the subparts (a) through (f) thereto. Adtalem admits that Plaintiff requests a jury trial of this action in subpart (g), but denies that there are any issues so triable.

14

## COUNT IV
## (FMLA RETALIATION/INTERFERENCE)

53. Plaintiff realleges allegations 1-31 above with the same force and effect as if more fully set forth herein.

**ANSWER:**

In response to the allegations in Paragraph 53 of the Complaint, Adtalem re-alleges and incorporates by reference each of its answers to Paragraphs 1 through 31 of the Complaint set forth above as if fully restated herein.

54. The FMLA requires employers to grant up to 12 weeks of leave per year for employees to treat serious health conditions and prohibits retaliation for employees exercising their FMLA leave rights.

**ANSWER**:

In response to the allegations set forth in Paragraph 54 of the Complaint, Adtalem states that the FMLA speaks for itself, and thus a response is not required. To the extent that a response is required, Adtalem admits that the FMLA grants up to 12 weeks of leave to eligible employees and prohibits retaliation for asserting one's rights under the statute. Adtalem denies that it has committed any act or omission giving rise to any liability under the FMLA.

55. Plaintiff has a qualifying serious health condition which Defendant was aware of and had provided medical documentation for.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 55 of the Complaint.

56. In May of 2017, Plaintiff was eligible for FMLA leave and had not exhausted all of her FMLA leave entitlement.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 56 of the Complaint.

57. Defendant was aware that Plaintiff was eligible for FMLA leave and had not exhausted all of her FMLA leave entitlement.

15

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant violated the FMLA when it terminated her, either by denying her FMLA leave to treat her serious health condition, or if it considered her to be on FMLA leave at the time, for exercising her FMLA leave rights.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 58 of the Complaint.

59. As a result of Defendant's conduct, Plaintiff as [sic] suffered a loss of earnings and benefits, in addition to suffering great pain, humiliation[,] and mental anguish, all to her damage.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 59 of the Complaint.

60. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's rights.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 60 of the Complaint.

61. Plaintiff demands to exercise her right to a jury trial of this matter.

**ANSWER:**

Adtalem denies the allegations set forth in Paragraph 61 of the Complaint.

**PRAYER FOR RELIEF AS TO COUNT IV**

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the [P]laintiff whole, including:

a.  Injunctive relief;
b.  Lost wages and/or other economic damages;
c.  Compensatory damages for pain and suffering (if available);
d.  Punitive damages and/or liquidated damages (if available)
e.  Attorneys' fees and costs incurred in this action;
f.  Such relief as is just and equitable;
g.  The plaintiff requests a jury trial of this action.

16

**ANSWER:**

Adtalem denies that Plaintiff is entitled to any of the relief sought in the "Wherefore" paragraph following Paragraph 61 of the Complaint, including each of the subparts (a) through (f) thereto. Adtalem admits that Plaintiff requests a jury trial of this action in subpart (g), but denies that there are any issues so triable.

## GENERAL DENIAL

Adtalem denies all allegations and inferences that are not expressly admitted herein.

## AFFIRMATIVE DEFENSES

Without admitting liability or the burden of proof as to any of Plaintiff's allegations, Defendant states its affirmative defenses as follows:

1.      Adtalem asserts that it had legitimate, non-discriminatory reasons for its employment decisions concerning Plaintiff. Plaintiff cannot establish that such reasons were a pretext for unlawful discrimination based upon any protected category or class of which she was a member or that such decisions were made in retaliation for any protected activity. Indeed, Plaintiff's own egregious misconduct was the catalyst for Adtalem's employment decisions.

2.      Plaintiff's claims are barred to the extent that Plaintiff has failed to exhaust all administrative remedies and/or has failed to comply with all administrative prerequisites and/or has failed to satisfy all conditions precedent to bringing this action. Consistent with any failure to exhaust administrative remedies, Plaintiff's claims are limited in scope by her charge of discrimination filed with the Equal Employment Opportunity Commission/Illinois Human Rights Commission, and any claims beyond the scope of such charge are barred.

3.      Adtalem asserts that it has made good-faith efforts to prevent discrimination in the workplace, including through the promulgation of policies and procedures for reporting alleged

17

unlawful discrimination or harassment, and thus, cannot be liable for the decision of its agents, or for punitive damages, to the extent that the challenged employment decisions were contrary to its efforts to comply with anti-discrimination statutes. Moreover, Adtalem asserts that Plaintiff unreasonably failed to avail herself of Adtalem's policies and procedures for preventing unlawful discrimination and harassment in the workplace.

4.     To the extent that Adtalem discovers new evidence of wrongdoing by Plaintiff, Adtalem hereby invokes the after-acquired evidence rule to preclude an award of reinstatement or front pay/back pay past the time at which Adtalem discovers the new evidence.

5.     Adtalem asserts that Plaintiff's damages, if any, must be reduced, in whole or in part, because of Plaintiff's failure to mitigate damages and, further, that any interim earnings or amounts earnable with due diligence by Plaintiff reduces any entitlement to back pay. In addition, such sums may also set-off and reduce other claims for damages alleged by Plaintiff.

6.     Adtalem asserts that it is not liable for any alleged wrongful actions taken by its employees that were taken outside the scope and course of their duties and were not authorized, condoned, or ratified by Adtalem.

7.     Plaintiff is not entitled to recover punitive damages against Adtalem because Adtalem did not intentionally discriminate against Plaintiff and did not act with malice or reckless indifference to Plaintiff's protected rights.

8.     Adtalem asserts that Plaintiff is not entitled to the damages provided in 29 U.S.C. § 2617 (a)(1). Indeed, Plaintiff cannot establish that she had exercised any protectable rights under the FMLA prior to the decision to terminate her employment, and therefore, cannot be afforded its protection.

9.     Adtalem asserts that Plaintiff is not entitled to liquidated damages under 29

U.S.C. § 2617 (a)(1)(A)(iii) because all actions and/or omissions of Adtalem were done in good faith, and Adtalem had reasonable grounds for believing that its conduct was not a violation of the FMLA.  All actions taken by Adtalem with respect to Plaintiff's employment were made in good faith and without intent to retaliate or interfere with Plaintiff's exercise of rights conferred by the FMLA.  Indeed, Plaintiff suffered no prejudice with regard to any of her FMLA rights, and Plaintiff's causes of action and/or claims for damages are otherwise barred because at all times Adtalem acted in good faith and in conformity with written administrative regulations, orders, rulings, approval, interpretations, and/or administrative practice or enforcement policies of the U.S. Department of Labor.

10.    Adtalem asserts that in the event of an adverse judgment, Plaintiff is not entitled to recovery of multiple damages based upon a common nucleus of operative facts.

11.    Adtalem asserts that Plaintiff cannot establish that any purported opposition to an allegedly unlawful employment practice was the "but for" cause for the termination of her employment.

12.    Adtalem asserts that Plaintiff's claims for compensatory and punitive damages in this action are subject to the limitations provided for under Title VII and the ADA.  Plaintiff is not entitled to recover compensatory or punitive damages under the FMLA.

13.    Adtalem reserves the right to raise any additional affirmative defenses as discovery may reveal.

**WHEREFORE,** Defendant, Adtalem Global Education Inc., having answered the Complaint and asserted its affirmative defenses thereto, respectfully requests that judgment be entered in its favor and against Plaintiff, Katie Schekhtayan, and that Defendant, Adtalem Global Education Inc. be awarded its fees, costs, and any other relief that this Court deems appropriate.

45999458;4

Dated:   August 16, 2018                    Respectfully submitted,

                                            Adtalem Global Education, Inc.
                                            f/k/a DeVry, Inc.,

                                    By:   ___/s/ Shayla N. Waldon_____
                                            One of Defendant's Attorneys

**AKERMAN LLP**
Michael C. Marsh
98 Southeast Seventh Street, Suite 1100
Miami, Florida 33131
michael.marsh@akerman.com
305-374-5600

--and--

Shayla N. Waldon
777 South Flagler Drive
Suite 1100, West Tower
West Palm Beach, Florida 33401
shayla.waldon@akerman.com
561-653-5000

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she caused the foregoing Defendant's Answers and Affirmative Defenses to the Amended Complaint filed by Katie Schekhtayan to be served upon the following counsel of record on this 16th day of August 2018 via the ECF filing system:

> Michael T. Smith
> msmith39950@aol.com
> 10 N. Martingale Road
> Suite 400
> Schaumburg, IL  60173

> /s/ Shayla N. Waldon
> Shayla N. Waldon

45999458;4